# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

WSOU INVESTMENTS, LLC D/B/A
BRAZOS LICENSING AND DEVELOPMENT,

                Plaintiff,

      v.

HEWLETT PACKARD ENTERPRISE COMPANY,

          Defendant.

Civil Action No. 6:20-cv-00727-ADA

**JURY TRIAL DEMANDED**

**PLAINTIFF BRAZOS'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
BRAZOS'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ......................................................................................................1

II.     BACKGROUND ........................................................................................................1

III.    LEGAL STANDARD................................................................................................3

IV.   ARGUMENT ............................................................................................................4

       A.      Brazos Has Sufficiently Pled Direct Infringement ...................................4

       B.      Brazos Has Sufficiently Pled Induced and Contributory Infringement .................10

              1.      Brazos Sufficiently Alleges Direct Infringement by Third Parties     11

              2.      Brazos Sufficiently Alleges the Requisite Knowledge for Indirect Infringement     12

              3.      Brazos Sufficiently Pleads Specific Intent for Induced Infringement     17

              4.      At a Minimum, the Court Should Grant Leave to Amend     19

V.      CONCLUSION........................................................................................................19

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor North Am., Inc.*,
No. 6:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .......................................13

*Aguirre v. Powerchute Sports, LLC*,
No. 5:10-CV-702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...................................15, 16

*Aguirre v. Powerchute Sports, LLC*,
No. 5:10-CV-702, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011)..........................................16

*Al-Site Corp. v. VSI Int'l, Inc.*,
174 F.3d 1308 (Fed. Cir. 1999)..............................................................................................8

*Ascion LLC v. Ashley Furniture Indus., Inc.*,
No. 3:19-CV-856, 2020 WL 998733 (W.D. Wis. Mar. 2, 2020)..............................................1

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................................3

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
672 F.3d 1335 (Fed. Cir. 2012)............................................................................................12

*Audio MPEG, Inc. HP Inc. v. Società Italiana Per Lo Sviluppo Dell' Elettronica Spa*,
No. 2:15-CV-73, 2016 WL 7010947 (E.D. Va. July 1, 2016)..................................................9

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
304 F. Supp. 3d 587 (S.D. Tex. 2018) ...................................................................................9

*Baran v. Med. Device Techs., Inc.*,
616 F.3d 1309 (Fed. Cir. 2010)..............................................................................................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................3, 4, 15

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)....................................................................................... *passim*

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
No. 2:15-CV-1274, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016),
*report and recommendation adopted*,
2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) ........................................................................6

*Boston Fog, LLC v. Ryobi Techs., Inc.*,
No. 1:19-CV-2310, 2020 WL 1532372 (D. Del. Mar. 31, 2020) ...........................................8

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
  No. 2:18-CV-546, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) ........................................19

*Castlemorton Wireless, LLC v. Bose Corp.*,
  No. 6:20-CV-29, Dkt. 51 (W.D. Tex. July 22, 2020) ..............................................................16

*Cochlear Bone Anchored Sols. AB* v. *Oticon Med. AB*,
  958 F.3d 1348 (Fed. Cir. 2020)................................................................................................9

*CXT Sys., Inc. v. Acad., Ltd.*,
  No. 2:18-CV-171, 2019 WL 1858301 (E.D. Tex. Mar. 11, 2019),
  *report and recommendation adopted*,
  2019 WL 1795929 (E.D. Tex. Apr. 24, 2019) ....................................................................5, 7

*Cywee Grp. Ltd. v. Huawei Device Co.*,
  No. 2:17-CV-495, 2018 WL 3819392 (E.D. Tex. Aug. 10, 2018)....................................4, 11

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018)................................................................................5, 6, 10

*Dueling v. Devon Energy Corp.*,
  623 F. App'x 127 (5th Cir. 2015) ..............................................................................................4

*E.I. Du Pont de Nemours and Co. v. Heraeus Holding GmbH*,
  No. 1:11-CV-773, 2012 WL 4511258 (D. Del. Sept. 28, 2012)............................................16

*Encoditech LLC v. Qardio, Inc.*,
  No. 1:18-CV-2059, 2019 WL 2526725 (D. Del. June 19, 2019) .............................................6

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*,
  No. 5:18-CV-1335, 2019 WL 2601347 (W.D. Tex. June 25, 2019) ....................................6, 7

*Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
  No. 3:12-CV-1011, 2012 WL 4514138 (N.D. Cal. Oct. 1, 2012) ....................................12, 13

*Erickson v. Pardus*,
  551 U.S. 89 (2007)....................................................................................................................4

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
  No. 7:19-CV-26, 2019 WL 3818048 (W.D. Tex. June 13, 2019) ..........................................15

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
  No. 7:19-CV-26, 2019 WL 3818049 (W.D. Tex. June 13, 2019) ..........................................15

*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011) ...............................................................................................3, 10

*General Protecht Grp., Inc. v. Leviton Mfg. Co.*,
    651 F.3d 1355 (Fed. Cir. 2011)...........................................................................13

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ...............................................................................19

*Griggs v. Hinds Junior Coll.*,
    563 F.2d 179 (5th Cir. 1977) .................................................................................4

*Harris Corp. v. Ericsson Inc.*,
    417 F.3d 1241 (Fed. Cir. 2005)...............................................................................9

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*,
    No. 2:17-CV-660, 2018 WL 3426282 (E.D. Tex. July 16, 2018) ...........................9

*Inhale, Inc v. Gravitron, LLC*,
    No. 1:18-CV-762, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) .............6, 10, 15

*InMotion Imagery Techs. v. Brain Damage Films*,
    No. 2:11-CV-414, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012)....................14, 17

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*,
    892 F.3d 719 (5th Cir. 2018) .................................................................................3

*Internet Media Corp. v. Hearst Newspapers, LLC*,
    No. 1:10-CV-690, 2011 WL 2559556 (D. Del. June 28, 2011) ..........................7, 8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. 1:18-CV-452, 2019 WL 330515 (D. Del. Jan. 25, 2019) ...............................16

*In re Katz Interactive Call Processing Patent Litig.*,
    639 F.3d 1303 (Fed. Cir. 2011)...............................................................................9

*Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*,
    No. 8:13-CV-30, 2013 WL 12126111 (C.D. Cal. Aug. 21, 2013) ...................12, 13

*Lewis v. Fresne*,
    252 F.3d 352 (5th Cir. 2001) .................................................................................3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)..............................................................................15

*Lochner Techs., LLC v. AT Labs Inc.*,
    No. 2:11-CV-242, 2012 WL 2595288 (E.D. Tex. July 5, 2012) ................11, 14, 17

*Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*,
    No. 2:11-CV-319, 2012 WL 4033322 (E.D. Tex. Sept. 12, 2012).........................12

*Lormand v. U.S. Unwired, Inc.*,
 565 F.3d 228 (5th Cir. 2009) ................................................................3

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
 No. 1:18-CV-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)...................................13, 15

*Merck & Co. v. Danbury Pharmacal, Inc.*,
 873 F.2d 1418 (Fed. Cir. 1989)..............................................................17

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
 545 U.S. 913 (2005)..............................................................18

*Motiva Patents, LLC v. Sony Corp.*,
 408 F. Supp. 3d 819 (E.D. Tex. 2019) ..............................................................4, 19

*MRSI Sys., LLC v. Palomar Techs., Inc.*,
 No. 3:19-CV-2344, 2020 WL 4227530 (S.D. Cal. July 23, 2020) ........................................10

*Nalco Co. v. Chem–Mod, LLC*,
 883 F.3d 1337 (Fed. Cir. 2018)............................................... *passim*

*Niazi v. Pressure Prods. Med. Supplies, Inc.*,
 No. 3:16-CV-670, 2017 WL 108114 (W.D. Wis. Jan. 11, 2017) ..........................................19

*Opticurrent, LLC v. Power Integrations*, *Inc.*,
 No. 2:16-CV-325, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) ..........................................11

*Panoptis Patent Mgmt., LLC v. Blackberry Corp.*,
 No. 2:16-CV-59, 2017 WL 780885 (E.D. Tex. Feb. 10, 2017)...............................................5

*Parity Networks, LLC v. Cisco Sys., Inc.*,
 No. 6:19-CV-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ................................5, 7, 13

*Parus Holdings Inc. v. Apple*,
 No. 6:19-CV-432 (W.D. Tex. Feb. 20, 2020) ........................................................16

*Pers. Audio*, *LLC v. Google*, *Inc.*,
 No. 1:15-CV-350, 2017 WL 4837853 (E.D. Tex. May 15, 2017) ..........................................11

*Regents of the Univ. of Minn. v. AT&T Mobility LLC*,
 135 F. Supp. 3d 1000 (D. Minn. 2015)...........................................................14, 16

*Ricoh Co. v. Quanta Comp. Inc.*,
 550 F.3d 1325 (Fed. Cir. 2008)...........................................................18

*Script Security Sols. L.L.C. v. Amazon.com, Inc.*,
 170 F. Supp. 3d 928 (E.D. Tex. 2016) ...........................................................13, 18

*Skky, Inc. v. MindGeek, s.a.r.l.*,
    859 F.3d 1014 (Fed. Cir. 2017)................................................................8

*Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*,
    422 F. Supp. 3d 1191 (W.D. Tex. 2019) .................................................3

*Test Masters Educ. Servs., Inc. v. Singh*,
    428 F.3d 559 (5th Cir. 2005) ..................................................................3

*Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*,
    No. 2:13-CV-44, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014) ...........14

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
    No. 1:10-CV-715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011) ............14

*TriMed, Inc. v. Stryker Corp.*,
    514 F.3d 1256 (Fed. Cir. 2008)...............................................................7

*Uniloc USA v. Motorola Mobility LLC*,
    No. 2:16-CV-989, 2017 WL 3721064 (E.D. Tex. May 15, 2017) ..........13

*Walker Digital, LLC v. Facebook, Inc*.,
    852 F. Supp. 2d 559 (D. Del. 2012).................................................14, 16

*Xpoint Techs., Inc. v. Microsoft Corp*.,
    730 F. Supp. 2d 349 (D. Del. 2010)........................................................16

*YETI Coolers, LLC v. RTIC Coolers*, LLC,
    No. 1:16-CV-264, 2016 WL 3970978 (W.D. Tex. July 19, 2016)..........17

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................1, 3, 4

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos"), by and through its attorneys, hereby opposes defendant Hewlett Packard Enterprise Company's ("HPE") Motion to Dismiss Brazos's First Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion," Dkt. 25). For the following reasons, the Motion should be denied in its entirety.

## I.   <u>INTRODUCTION</u>

"Motions attacking patent infringement pleadings are generally a waste of resources for the parties and the court . . . because the familiar *Twombly/Iqbal* pleading standard is not especially demanding, and . . . pretrial disclosures . . . force both sides to lay out their core contentions early in the case."[1] HPE's Motion is no exception. Brazos's First Amended Complaint ("FAC") is sufficient to put HPE on "fair notice" of the claims asserted against it and satisfy the *Twombly/Iqbal* pleading standard for both direct and indirect infringement. Moreover, Brazos has already served HPE with detailed infringement contentions, and had done so before HPE filed this Motion attacking the pleadings. HPE's Motion improperly argues form over substance, and is nevertheless meritless. Because HPE is on fair notice of the claims against it, its Motion should be denied.

## II.   <u>BACKGROUND</u>

Brazos filed its initial complaint against HPE on August 12, 2020 (Dkt. 1) alleging direct and indirect (induced and contributory) infringement of U.S. Patent No. 7,443,832 (the "'832 patent" or the "Asserted Patent").[2] After HPE moved to dismiss, on November 6, 2020, Brazos

---

[1] *Ascion LLC v. Ashley Furniture Indus., Inc.*, No. 3:19-CV-856, 2020 WL 998733, at *1 (W.D. Wis. Mar. 2, 2020).

[2] On that same day or shortly thereafter, Brazos filed six other complaints in this District against HPE, each one asserting infringement of a different patent. *See* Case Nos. 6:20-cv-00725-ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00726-ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00728-

filed a first amended complaint ("FAC"), which added even more detailed allegations to an already-sufficient complaint. Dkt. 22. The FAC alleges that "HPE has infringed, and continues to directly infringe, at least one claim of the '832 Patent, including at least claim 1, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products[3] in the United States . . . without the authority of Brazos (*id.* at ¶ 41; *see also id.* at ¶¶ 42–43). The FAC includes seventeen allegations, with diagrams and citations to HPE materials, that describe in detail how the Accused Products contain each and every element of at least claim 1 of the '832 patent. *Id.* at ¶¶ 24–40. The FAC also alleges that HPE knowingly (at least as of service of the initial complaint) and actively induces and contributes to direct infringement by "customers, product makers, distributors, retailers, and/or end users of the Accused Products," with the specific intent that they infringe, including by teaching them to infringe by creating and disseminating the specific marketing and technical documents cited in the FAC. *Id.* at ¶¶ 44–49.

On the same day Brazos filed its FAC, it also served HPE with detailed preliminary infringement contentions. Nevertheless, two weeks later, on November 20, HPE filed this Motion attacking the pleadings. Dkt. 25.[4]

---

ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00729-ADA (W.D. Tex. Aug. 12, 2020), 6:20-cv-00730-ADA (W.D. Tex. Aug. 12, 2020), and 6:20-cv-00783-ADA (W.D. Tex. Aug. 26, 2020).

[3] The term "Accused Products" has the same meaning as in the FAC, and includes, but is not limited to, HPE's routers and switches that support multiprotocol label switching ("MPLS") services and transmit data through label switch paths in a network of label switched routers, including, but not limited to, the HPE HSR6800 Router Series, HPE A880 Router Series, and the HPE 5820X Switch Series. Dkt. 22 at ¶ 21; *see also id.* at ¶ 23.

[4] The parties have already participated in an initial case management conference with the Court and filed proposed Scheduling and Discovery Orders. Dkts. 27, 31–32. The Court has set the Markman hearing for May 5, 2021, and Jury Selection and Trial for May 9, 2022. Dkts. 29–30.

III.   **LEGAL STANDARD**

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)); *accord Slyce Acquisition, Inc. v. Syte - Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019) (Albright, J.). The court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018). Further, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). The court "must consider the complaint in its entirety" as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

A complaint survives a Rule 12(b)(6) motion to dismiss if its facts, accepted as true and viewed in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Twombly*, 550 U.S. at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (internal citation omitted); *accord Innova*, 892 F.3d at 726. "Thus, particularly where the relevant information is beyond the access of the plaintiff, courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about

3

the plaintiff's entitlement to relief." *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 827 (E.D. Tex. 2019).

A plaintiff is not required to prove its case at the pleading stage. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555). Additionally, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (citing *Bill of Lading*, 681 F.3d at 1335) (emphasis added); *accord Cywee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495, 2018 WL 3819392, at *5 (E.D. Tex. Aug. 10, 2018). It is also inappropriate to resolve claim construction issues on a Rule 12(b)(6) motion. *See Nalco*, 883 F.3d 1350.

Finally, "district courts must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 129 (5th Cir. 2015) (internal citation omitted) (holding the district court abused its discretion in denying plaintiffs' request for leave to amend). Granting leave to amend is especially appropriate in the context of dismissing for failure to state a claim. *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977).

## IV.   <u>ARGUMENT</u>

### A.   **Brazos Has Sufficiently Pled Direct Infringement**[5]

HPE's argument that Brazos failed to adequately allege direct infringement ignores the detailed allegations in the FAC (Dkt. 22 at ¶¶ 21–22, 24–43), and seeks to impose an improper

_____

[5] HPE does not (and cannot) genuinely dispute that it is has been put on "fair notice" of Brazos's claims after receiving Brazos's infringement contentions. Instead, it argues only that the FAC is

standard by insisting that Brazos plead facts showing that each element of the asserted claim is

met and prematurely address claim construction issues in its pleadings. Mot. at 8–14.

The Federal Circuit has held that, notwithstanding the obviation of Form 18:

> [The plaintiff] need not "prove its case at the pleading stage." *Bill of Lading*, 681 F.3d at 1339 (citing *Skinner*, 562 U.S. at 529–30). The complaint must place the "potential infringer . . . on notice of what activity . . . is being accused of infringement." *K–Tech*, 714 F.3d at 1284. [Plaintiff's] pleading clearly exceeds the minimum requirements under Rule 12(b)(6), especially as **the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met.** *Bill of Lading*, 681 F.3d at 1335. The district court's failure to credit these allegations as true is reversible error.

*Nalco*, 883 F.3d at 1350 (emphasis added); *accord Disc Disease Sols. Inc. v. VGH Sols., Inc.*,

888 F.3d 1256, 1259–60 (Fed. Cir. 2018) (denying motion to dismiss because complaint

identified three accused products and alleged that accused products met "each and every element

of at least one claim" of the asserted patents, either literally or equivalently); *see also CXT Sys.,

Inc. v. Acad., Ltd.*, No. 2:18-CV-171, 2019 WL 1858301, at *3 (E.D. Tex. Mar. 11, 2019)

(denying motion to dismiss where plaintiff "alleged that the accused products 'satisfy each and

every limitation of one of more claims' of the [asserted patent]," and holding the complaint was

---

insufficient, and that the Court must disregard Brazos's detailed contentions because they are not expressly incorporated into the FAC. Mot. at 3 n.1. This argument elevates form over substance and misses the point, which is to ensure that HPE is aware of the claims asserted against it. Here, the FAC provides sufficient notice. Even if it did not, Brazos's detailed contentions remedy any purported deficiencies. *See, e.g.*, *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-207, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (Albright, J.) ("[T]he Court finds that Plaintiff's pleadings are sufficient and that any deficiencies will necessarily be addressed when Plaintiff serves its infringement contentions as is required."); *see also Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, No. 2:16-CV-59, 2017 WL 780885, at *4 (E.D. Tex. Feb. 10, 2017) ("[B]ecause infringement contentions are provided early in a patent infringement case, parties should seriously question whether it is worth expending resources challenging the sufficiency of a complaint as detailed as [plaintiff's]. . . . [I]n most cases, the result will be a command to the Plaintiff to amend. If that command comes after the plaintiff has served infringement contentions, a defendant gains nothing beyond whatever nuisance the motion creates for the plaintiff.").

not required to specifically track every single element of the asserted method claim), *report and recommendation adopted*, 2019 WL 1795929 (E.D. Tex. Apr. 24, 2019); *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-CV-1274, 2016 WL 4778699, at *4 (E.D. Tex. Aug. 19, 2016) ("[I]n most patent cases, asking the plaintiff to provide an element-by-element analysis of the accused device in the complaint does not advance the goals of the Federal Rules of Civil Procedure."), *report and recommendation adopted*, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016).

Following *Disc Disease*, courts in this District have recognized that a plaintiff is only required "to identify and include product by name, allege that defendants make, sell, offer to sell, sell, import or use in the United States that accused product, and [] allege that the accused product satisfies each and every limitation of at least one claim." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. 5:18-CV-1335, 2019 WL 2601347, at *4 (W.D. Tex. June 25, 2019) (finding that an allegation that "the defendant[ ] has performed all of the steps of [the asserted claim] by its internal testing of the accused system" is sufficient to meet "the relatively low threshold for stating a claim of direct infringement set forth by the set forth by the Federal Circuit in *Disc Disease*") (citing *Encoditech LLC v. Qardio, Inc.*, No. 1:18-CV-2059, 2019 WL 2526725, at *6 (D. Del. June 19, 2019)); *see also Inhale, Inc v. Gravitron, LLC*, No. 1:18-CV-762, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018) (denying motion to dismiss because mere allegation that defendant infringes "implies that [the defendant] 'meet[s] each and every claim'") (second alteration in original).

Brazos's FAC goes far beyond what is required. It is undisputed that the FAC alleges, among other things, the identity of exemplary accused products (Dkt. 22 at ¶ 21); that claim 1 is an exemplary claim practiced by the accused products (*id.* at ¶ 24); that "[t]he Accused Products

contain each element of and infringe exemplary claim 1 of the '832 patent" (*id.*); seventeen allegations, with diagrams and citations to HPE's marketing and technical support materials, which describe the features of the Accused Products and that they contain each element of at least claim 1 of the '832 patent (*id.* at ¶¶ 24–40); and that "HPE has infringed, and continues to directly infringe, at least one claim of the '832 Patent, including at least claim 1, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States . . . without the authority of Brazos (*id.* at ¶ 41; *see also id.* at ¶¶ 42–43).

These allegations are sufficient to state a claim for direct infringement against HPE. *See, e.g.*, *Encoditech*, 2019 WL 2601347, at *4; *CXT Sys.*, 2019 WL 1858301, at *3; *see also Parity Networks*, 2019 WL 3940952, at *2 (denying motion to dismiss sufficient notwithstanding argument that plaintiff did not "specify any of the claim elements or map them to the accused products in any way," and noting that "any deficiencies will necessarily be addressed" by plaintiff's infringement contentions).

HPE's arguments to the contrary (Mot. at 9–14) "read like classic *Markman* arguments" which are "not suitable for resolution on a motion to dismiss." *Nalco*, 883 F.3d at 1349. First, HPE argues that claim 1 is a means-plus-function claim and thus Brazos's FAC is required to identify a structure in the specification and a corresponding structure in the Accused Products. Mot. at 9–11. HPE is incorrect. At least "[s]ome degree of claim construction is necessary to determine if the apparent means-plus-function claim is actually a means-plus-function claim, or if the claim itself recites enough structure to overcome the presumption of 35 U.S.C. § 112 ¶ 6." *Internet Media Corp. v. Hearst Newspapers, LLC*, No. 1:10-CV-690, 2011 WL 2559556, at *3 (D. Del. June 28, 2011) (citing *TriMed, Inc. v. Stryker Corp.*, 514 F.3d 1256, 1259 (Fed. Cir.

2008) ("If, in addition to the word 'means' and the functional language, the claim recites

sufficient structure for performing the described functions in their entirety, the presumption of §

112 ¶ 6 is overcome—the limitation is not a means-plus-function limitation."); *Skky, Inc. v.*

*MindGeek, s.a.r.l.*, 859 F.3d 1014, 1019 (Fed. Cir. 2017) ("The task of determining whether the

relevant claim language contains a means-plus-function limitation is . . . a question of law. . . ."

(citation omitted)).

The scope and support for means-plus-function claims is also an issue for claim

construction. *E.g.*, *Baran v. Med. Device Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir. 2010) ("In

construing a means-plus-function claim, the district court must first determine the claimed

function and then identify the corresponding structure in the written description of the patent that

performs that function."). "The court would need to construe the claim in order to determine

what algorithm to look for in the specification and what elements are necessary in said algorithm

to satisfy § 112 ¶ 6," which "is a task that is properly reserved for summary judgment wherein

the court has the benefit of a properly developed record." *Internet Media Corp.*, 2011 WL

2559556, at *3; *see also Boston Fog, LLC v. Ryobi Techs., Inc.*, No. 1:19-CV-2310, 2020 WL

1532372, at *4 (D. Del. Mar. 31, 2020) ("[T]he question of whether a claim requires 'separate

structures' is one of claim construction.").[6]

---

[6] Further, whether a structure is an "equivalent" is a factual determination that is not appropriate
for resolution on a motion to dismiss. *See Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1321
(Fed. Cir. 1999) (recognizing that whether a structure is an equivalent is a factual determination);
*see also Nalco*, 883 F.3d at 1357 ("[F]actual inquir[ies] [are] not suitable for resolution on a
motion to dismiss.").

HPE does not cite any authority to show otherwise. *See* Mot. at 9-12. The only cases HPE cites evaluate the sufficiency of a patent specification, not a complaint, *after* claim construction proceedings or on appeal from an *inter partes* review proceeding.[7]

Thus, HPE's arguments are premature and not applicable to a pleadings challenge because they do not apply, if at all, until after claim construction. *See, e.g.*, *Audio MPEG, Inc. HP Inc. v. Società Italiana Per Lo Sviluppo Dell' Elettronica Spa*, No. 2:15-CV-73, 2016 WL 7010947, at *8 (E.D. Va. July 1, 2016) (rejecting identical argument that claims were means-plus-function claims and specification failed to identify corresponding structure because "the Court has not yet received Markman briefing" so "[i]t would be inappropriate at this stage to construe either the term 'substantially equal to' or the allegedly means-plus-function terms"); *see also IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, No. 2:17-CV-660, 2018 WL 3426282, at *1 (E.D. Tex. July 16, 2018) ("The Court denies DSW's motion on the ground that DSW's argument depends on a claim construction issue that is not as clear-cut as DSW suggests and cannot be decided based on the limited showing made in the motion.").

HPE's contention that the FAC fails to allege facts to show that the "assigning limitation" is satisfied by the Accused Products (Mot. at 12–14) fares no better. HPE admits the FAC alleges this element is satisfied by the Accused Products, and supports this allegation with citation to

---

[7] Mot. at 10, citing, for example, *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1315 (Fed. Cir. 2011) (evaluating whether the patent specification recited a sufficient structure on appeal from summary judgment decision); *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241 (Fed. Cir. 2005) (evaluating same on appeal from judgment as a matter of law); *Cochlear Bone Anchored Sols. AB* v. *Oticon Med. AB*, 958 F.3d 1348, 1352 (Fed. Cir. 2020) (evaluating appeal of *inter partes* review decision that prior art analysis could not be conducted on claims on basis that claims contained means-plus-function limitations without a corresponding structure disclosed in the specification); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, 304 F. Supp. 3d 587, 617 (S.D. Tex. 2018) (finding that means-plus-function element recited a sufficient structure on motion for summary judgment).

HPE documentation. *Id.*; *see also* Dkt. 22 at ¶ 38 & n.33. HPE's argument that this is insufficient is based on its own construction of the claim language, before the Court's claim construction order, and improperly demands that Brazos prove its case at the pleading stage. *See, e.g.*, *MRSI Sys., LLC v. Palomar Techs., Inc.*, No. 3:19-CV-2344, 2020 WL 4227530, at *3 (S.D. Cal. July 23, 2020) (denying motion to dismiss and rejecting similar argument, concluding that argument was based on defendant's own interpretation of the claims, which is best suited for claim construction, and it was inappropriate to decide factual disputes on motion to dismiss); *see also Nalco*, 883 F.3d at 1350; *Disc Disease*, 888 F.3d at 1259–60; *Inhale*, 2018 WL 7324886, at *2.

Accordingly, HPE's arguments are unavailing and must be rejected. At this stage, Brazos has sufficiently pled direct infringement against HPE, and HPE's Motion must be denied.

### B.     Brazos Has Sufficiently Pled Induced and Contributory Infringement

HPE's motion to dismiss Brazos's indirect infringement claims must also be denied. Each of HPE's arguments fail for at least the reasons discussed below. Additionally, HPE has acknowledged the sufficiency of Brazos's indirect infringement allegations by routinely alleging the same (or less) to support its own claims of indirect infringement against others.[8]

---

[8] *E.g.*, *Hewlett Packard Enter. Co. v. Quanta Computer, Inc.*, No. 5:20-CV-7407, Dkt. 1 at ¶¶ 29–30, 38–39 (N.D. Cal. Oct. 22, 2020) (Ex. A) (alleging indirect infringement by referring only to "customers" as potential direct infringers," alleging knowledge only as of the date of service of complaint, and including only a single conclusory sentence regarding "specific intent" for inducement); *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 5:14-CV-570, Dkt. 1 at ¶¶ 23–24, 30–31, 37–38, 44–45, 51–52, 58–59, 65–66, 72–73 (N.D. Cal. Feb. 6, 2014) (Ex. B) (alleging indirect infringement by referring only to "others" as potential direct infringers," alleging knowledge only as of the filing of the complaint, and alleging inducement without mentioning "specific intent"); *see also Funk*, 631 F.3d at 783 (affirming that a court may take judicial notice of publicly-filed documents in other cases and consider them on a motion to dismiss).

### 1.   Brazos Sufficiently Alleges Direct Infringement by Third Parties

HPE's argument that Brazos fails to allege direct infringement by a third party (Mot. at 14–15) is contradicted by the allegations in the FAC. The law is well-settled that "[t]o state a claim for indirect infringement . . . a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *Bill of Lading*, 681 F.3d at 1336 (emphasis in original); *accord Cywee Grp. Ltd.,* 2018 WL 3819392, at *3; *Pers. Audio*, *LLC v. Google*, *Inc.*, No. 1:15-CV-350, 2017 WL 4837853, at *7 (E.D. Tex. May 15, 2017). Here, Brazos's FAC identifies several third parties that directly infringe the '832 patent, including "customers, product makers, distributors, retailers, and/or end users." Dkt. 22 at ¶¶ 44–48. The FAC makes clear that "HPE's customers and end-users have directly infringed, and continue to directly infringe, at least by purchasing and using, selling, and/or offering for sale one or more Accused Products in the United States." *Id.* at ¶ 44; *accord id.* at ¶¶ 45–48.

These allegations are sufficient to allow an inference that at least one direct infringer exists, and survive HPE's motion to dismiss. *See, e.g.*, *Bill of Lading*, 681 F.3d at 1336 ("Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more."); *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242, 2012 WL 2595288, at *3–4 (E.D. Tex. July 5, 2012) (holding that identifying direct infringers as "end users of the above-referenced products" is sufficient to survive a motion to dismiss indirect infringement claims); *Pers. Audio*, 2017 WL 4837853, at *7 ("Identifying 'customers' and 'manufacturers' behind the indirect infringement claims is sufficient at the pleading stage."); *Opticurrent*, *LLC v. Power Integrations*, *Inc.*, No. 2:16-CV-325, 2016 WL 9275395, at *3 (E.D. Tex. Oct. 19, 2016) (holding that general allegations that "customers . . . directly infringe the [asserted patent] by using, importing, marketing, selling, or offering for sale the accused products" is sufficient to

state a claim for induced infringement); *Lone Star Document Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-CV-319, 2012 WL 4033322, at *4 (E.D. Tex. Sept. 12, 2012) ("generically identif[ying] direct infringers as the 'end users in the Eastern District of Texas' . . . is sufficient to survive a Motion to Dismiss"). Indeed, HPE has filed complaints with the same level of detail. *See* Ex. A, Dkt. 1 at ¶¶ 29, 38, 50, 59 (HPE complaint referring only to "customers" as potential direct infringer); Ex. B, Dkt. 1 at ¶¶ 24, 31, 38, 45, 52, 59, 66, 73 (HPE complaint filed referring only to "others" as potential direct infringer).

### 2.   Brazos Sufficiently Alleges the Requisite Knowledge for Indirect Infringement

HPE's contention that pre-suit knowledge is required to maintain a claim for indirect infringement (Mot. at 15–18) is incorrect.[9]

In *Bill of Lading*, "the Federal Circuit [] held that knowledge of the asserted patent from a complaint in the same case is sufficient to meet the knowledge requirement of indirect infringement." *Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*, No. 8:13-CV-30, 2013 WL 12126111, at *4 (C.D. Cal. Aug. 21, 2013) (discussing *Bill of Lading*, 681 F.3d at 1345); *Eon Corp. IP Holdings, LLC v. Sensus USA, Inc*., No. 3:12-CV-1011, 2012 WL 4514138, at *1 (N.D. Cal. Oct. 1, 2012) ("Though the claims for indirect infringement both require knowledge of the patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this requirement."). This conclusion is consistent with Federal Circuit authority stating that a party "may seek to pursue claims that accrue during the pendency of a lawsuit." *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012). Because *Bill of Lading*'s

---

[9] Indeed, HPE routinely alleges indirect infringement against others based on post-suit knowledge. Ex. A, Dkt. 1 at ¶¶ 42, 31, 42, 52, 61 (HPE complaint alleging knowledge as of service of the complaint); Ex. B, Dkt. 1 at ¶¶ 23, 30, 37, 44, 51, 58, 65, 72 (HPE complaint alleging knowledge as of the filing of the complaint).

determination that pre-suit knowledge is not required to state a claim for indirect infringement "rises to the level of a substantive question of patent law. . . . *Bill of Lading* is [] binding authority on this point." *Labyrinth*, 2013 WL 12126111, at *6; *accord Eon Corp.*, 2012 WL 4514138, at *1.[10]

Following *Bill of Lading*, courts in this District have denied motions to dismiss, like this one, premised on a failure to allege pre-suit knowledge. *See Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (citing *Bill of Lading* and denying motion to dismiss post-suit indirect infringement); *see also Affinity Labs of Texas, LLC v. Toyota Motor North Am., Inc.*, No. 6:13-CV-365, 2014 WL 2892285, at *5 (W.D. Tex. May 12, 2014) ("[T]he Court agrees with the line of cases holding that a defendant's knowledge of a patent can be established through the filing of the complaint."). This Court has also recognized that the "knowledge of the patent" requirement may be "pre-suit or *post*-suit knowledge," and simply serves to limit damages "to the time period that begins when defendant learns of the patent's existence." *Parity Networks*, 2019 WL 3940952, at *2 (internal citation omitted).

The majority of other courts considering the issue, including in East Texas and Delaware, agree that pre-suit knowledge is not required to state a claim of indirect infringement. *Script Security Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016); *see, e.g.*, *Uniloc USA v. Motorola Mobility LLC*, No. 2:16-CV-989, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017) ("[T]his Court has long recognized that failing to allege pre-suit knowledge of the

---

[10] "Although [the Federal Circuit] generally applies the law of the respective regional circuit on questions of procedure, [it] applies its own law in reviewing procedural matters arising from substantive issues in areas of law within its exclusive jurisdiction." *General Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011).

patent is not an adequate basis upon which to dismiss indirect infringement claims."); *Tierra Intellectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-CV-44, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) ("[A] pre-suit knowledge requirement for induced infringement would lead to absurd results. If pre-suit knowledge were required, companies would have carte blanche to induce infringement purposefully provided that they were unaware of the patent prior to suit."); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012) ("Failing to allege pre-suit knowledge of the patent 'is not a basis to dismiss [plaintiff's] indirect infringement claims; as it cannot be disputed that [plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'" (quoting *Lochner*, 2012 WL 2595288, at *3)); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) ("[T]here is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct," and "a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint" is sufficient to plead induced infringement.); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 1:10-CV-715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("The Court sees no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit."); *see also Regents of the Univ. of Minn. v. AT&T Mobility LLC*, 135 F. Supp. 3d 1000, 1010–12 (D. Minn. 2015) (surveying district courts and finding that courts in Delaware, the Eastern District of Texas, the Northern District of California, and the Northern District of Illinois have allowed post-complaint

14

inducement to be pleaded based on knowledge acquired as a result of the defendant's receipt of the complaint).

HPE's unsuccessful attempt to distinguish a few of these cases only highlights the flaws in its position. Mot. at 16–18. For example, HPE argues that *Bill of Lading* is no longer good law and "obsolete" because it relied on a now-defunct Form 18 pleading standard. But Form 18 applied only to *direct* infringement, and *Bill of Lading*'s indirect infringement analysis applied the still-applicable *Twombly* standard. 681 F.3d at 1330. *Bill of Lading* is not only good law on this point, but it is also considered binding on the issue of whether pre-suit knowledge is required to sustain a claim of indirect infringement. *See above* at 12–13; *see also*, *e.g.*, *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (relying on *Bill of Lading* to set forth pleading requirements for indirect infringement); *Inhale*, 2018 WL 7324886, at *2 (same). As to *Meetrix*, HPE simply *admits* that the court permitted post-suit indirect infringement claims to proceed. Mot. at 17. And finally, HPE attempts to distinguish the *Frac Shack* opinion cited in the FAC by relying on facts discussed in a different opinion against different defendants. *Id.* at 17 & n.5; *compare Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-26, 2019 WL 3818048, at *3 (W.D. Tex. June 13, 2019) *with Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-26, 2019 WL 3818049, at *4–5 (W.D. Tex. June 13, 2019). In the relevant decision cited by Brazos, the Court denied the motion to dismiss, stating "[t]he Amended Complaint specifically recite[d] that all Defendants have had knowledge . . . from at least the service of the Original Complaint . . . , and despite such knowledge, [defendant] continues to infringe the [asserted patent]." *See Frac Shack*, 2019 WL 3818048, at *2.

The authorities cited by HPE (Mot. at 15–16) are also unavailing. *Aguirre v. Powerchute Sports, LLC*, No. 5:10-CV-702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) relied on

*Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010), which has since been expressly **rejected** by Delaware courts. *See, e.g.*, *Walker Digital*, 852 F. Supp. 2d at 565 (rejecting *Xpoint* and holding that "if a complaint sufficiently identifies . . . the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of *Global–Tech*"); *E.I. Du Pont de Nemours and Co. v. Heraeus Holding GmbH*, No. 1:11-CV-773, 2012 WL 4511258, at *5 n.2 (D. Del. Sept. 28, 2012); *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 1:18-CV-452, 2019 WL 330515, at *4 & n.1 (D. Del. Jan. 25, 2019); *AT&T Mobility*, 135 F. Supp. 3d at 1011 ("*Xpoint* is clearly no longer the law in the District of Delaware."). Also, the plaintiff in *Aguirre* never alleged pre-suit or post-suit knowledge in the complaint. *Aguirre*, 2011 WL 2471299, at *3; *accord Aguirre v. Powerchute Sports, LLC*, No. 5:10-CV-702, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011).

HPE also cites to *Parus Holdings Inc. v. Apple*, No. 6:19-CV-432 (W.D. Tex. Feb. 20, 2020) (text order granting Dkt. 54), and *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-29, Dkt. 51 (W.D. Tex. July 22, 2020), but those cases do not apply here. Neither case holds that pre-suit knowledge is required for a claim of indirect infringement. Instead, in *Parus* (which the Court followed in *Castlemorton*), this Court dismissed without prejudice the willful and indirect infringement claims so the plaintiff could replead those claims after discovery. *Parus*, Dkt. 107 at 46:19–48:13 (Ex. C). That way, even if discovery yielded no evidence of pre-suit knowledge, the Court could address the issue on a motion for summary judgment, rather than a

16

motion to dismiss. *Id.* The decision turned on procedure and timing, rather than substantive law.[11]

Accordingly, pre-suit knowledge is not required to state a claim for indirect infringement, and HPE has not shown, and cannot show, otherwise. It is undisputed that the FAC alleges HPE's knowledge of the '832 patent and of the infringement as of the date of service of the initial complaint, and that, despite such knowledge, HPE continues to "actively and knowingly induce[] customers, product makers, distributors, retailers, and/or end users of the Accused Products to directly infringe one or more claims of the '832 patent" and contribute to those third-parties' infringement. Dkt. 22 at ¶ 44; *see also id.* at ¶¶ 45–48. This is sufficient. *See, e.g.*, *Lochner*, 2012 WL 2595288, at *3.

### 3.    Brazos Sufficiently Pleads Specific Intent for Induced Infringement

The Court should also reject HPE's baseless contention that Brazos failed to allege the specific intent required to state a claim for inducement. Mot. at 18–20.

Courts in this District have "emphasize[d] the low threshold for proving concepts like knowledge and intent." *YETI Coolers, LLC v. RTIC Coolers*, LLC, No. 1:16-CV-264, 2016 WL 3970978, at *5 (W.D. Tex. July 19, 2016) (citing *Merck & Co. v. Danbury Pharmacal, Inc*., 873 F.2d 1418, 1422 (Fed. Cir. 1989)) ("Intent need not, and rarely can, be proven by direct evidence."); *see also id.* (recognizing that, as stated in *InMotion Imagery*, 2012 WL 3283371, at *3, "it is not necessary to provide detailed factual support for each and every element of inducement"). "[P]roviding instruction on how to engage in an infringing use 'show[s] an

---

[11] The Court explained that it did not see much difference between denying the motion to dismiss, and dismissing the claims without prejudice and allowing them to be replead after three months of discovery. Ex. C at 47:9–15, 48:20–49:4. The Court chose the latter approach after hearing arguments from the parties primarily about willfulness, which is not at issue here. *See id.* at 20–23, 32–35.

affirmative intent that the product be used to infringe.'" *Ricoh Co. v. Quanta Comp. Inc.*, 550 F.3d 1325, 1343 (Fed. Cir. 2008) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 936 (2005)).

Brazos's FAC plainly pleads the requisite "specific intent" by HPE to induce infringement (Dkt. 22 at ¶ 44), and supports this assertion with detailed allegations explaining that HPE knowingly "directs, controls, and/or encourages customers' and/or end-users' to purchase and use and/or sell the Accused Products by taking active steps," including, among other things, "instructing end-users to use the Accused Products; creating and disseminating advertising and promotional materials that encourage the use of the Accused Products, . . . ; and providing training and certification programs that teach and demonstrate how to use and/or implement the Accused Products." *Id.* at ¶ 45; *see also id.* ("HPE has known that such activities induce end-users to infringe at least claim 1 of the '832 patent since the date of service of the initial complaint."). The FAC also cites to specific HPE "manuals, instructional and support materials, and/or configuration guides for the Accused Products" that teach and/or instruct end-users to use and/or configure the Accused Products in an infringing manner. *Id.* at ¶ 46; *c.f.* Mot. at 18–20 (arguing that the FAC includes only a single conclusory statement relevant to specific intent and citing inapposite case law).

These allegations are sufficient to state a plausible claim for induced infringement. *See, e.g.*, *Nalco*, 883 F.3d at 1355 (denying motion to dismiss where pleadings alleged defendants inducing actions included "providing instructions, support, and technical assistance for the use of the [accused instrumentality]"); *Script Security Sols.*, 170 F. Supp. 3d at 936 (denying motion to dismiss induced infringement where "the defendants induced customers to infringe the patents by instructing them in advertising and promotion to use the accused products in an infringing way");

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-CV-546, 2020 WL 1478356, *5–6 (E.D. Tex. Mar. 25, 2020) (denying motion to dismiss induced and contributory infringement claims despite the lack of specifics in how the material the accused infringers disseminated in connection with the accused product encouraged infringement); *Motiva Patents*, 408 F. Supp. 3d at 830–33 (denying motion to dismiss because complaint contained general allegations that the end-user's of the accused software product were the direct infringers and that the accused infringer through its advertising and instruction manuals encouraged the end user to use the product in an infringing manner); *Niazi v. Pressure Prods. Med. Supplies, Inc.*, No. 3:16-CV-670, 2017 WL 108114, at *2 (W.D. Wis. Jan. 11, 2017) (denying motion to dismiss indirect infringement claims that merely "recited claim elements" because upcoming conference would require the plaintiff to disclose what it is looking for "without the need for motion practice over the form of the complaint"); *see also* Ex. A, Dkt. 1 at ¶¶ 29, 38, 50, 59 (complaint filed by HPE alleging only a single conclusory sentence regarding specific intent); Ex. B, Dkt. 1 at ¶¶ 20, 22–24, 29–31, 36–38, 43–45, 50–52, 57–59, 64–66, 71–73 (complaint filed by HPE alleging inducement without even mentioning "specific intent").

### 4.    At a Minimum, the Court Should Grant Leave to Amend

Although the Motion should be denied in its entirety, if the Court disagrees, Brazos respectfully requests leave to amend. *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

## V.    CONCLUSION

For the foregoing reasons, the FAC is sufficient to put HPE on the requisite "fair notice" of the claims asserted against it, and thus satisfy the *Twombly/Iqbal* pleading standard. As such, Brazos respectfully requests that the Court deny HPE's Motion to Dismiss in its entirety. Alternatively, Brazos seeks leave to amend its complaint.

Respectfully submitted,

Dated: December 11, 2020

/s/ Raymond W. Mort, III
_____
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax:   (512) 677-6825

Edward J. Naughton
(*pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(*pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Alessandra C. Messing
(*pro hac vice*)
amessing@brownrudnick.com
Timothy J. Rousseau
(*pro hac vice*)
trousseau@brownrudnick.com
Yarelyn Mena
(*pro hac vice*)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*