# EXHIBIT P

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | Nos. 6:20-cv-00725-ADA<br>6:20-cv-00726-ADA<br>6:20-cv-00727-ADA<br>6:20-cv-00728-ADA<br>6:20-cv-00729-ADA<br>6:20-cv-00730-ADA<br>6:20-cv-00783-ADA |

**BRAZOS'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
HPE'S FIRST SETS OF INTERROGATORIES (CASE SPECIFIC INTERROGATORY NO. 3)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Brazos, by and through its attorneys, provides these first supplemental responses and objections to HPE's First Sets of Interrogatories,[1] dated June 2, 2021.

Discovery is ongoing in these cases, and Brazos's objections and responses are based upon information known and available to Brazos at this time and are necessarily limited by, the records and information in existence, presently recollected, and thus far discovered in the course of preparing these responses. Brazos is continuing its investigation and discovery into the subject matter of these actions and thus reserves the right to produce any subsequently discovered facts, documents, or information. Brazos will supplement these responses as necessary to comply with the requirements of Fed. R. Civ. P. 26(e).

---

[1] HPE's First Set of Common Interrogatories (served in all of the above-captioned actions); HPE's First Set of '725 Case Interrogatories; HPE's First Set of '726 Case Interrogatories; HPE's First Set of '727 Case Interrogatories; HPE's First Set of '728 Case Interrogatories; HPE's First Set of '729 Case Interrogatories; HPE's First Set of '730 Case Interrogatories; and HPE's First Set of '783 Case Interrogatories.

These responses are made solely for the purposes of the above captioned actions, and are made without waiving any right to object on any proper grounds to the use of these responses for any purpose, in whole or in part, in any subsequent proceeding or other action. The right to raise any applicable objections at any time is expressly reserved.

Brazos has made specific objections to certain Interrogatories, to the extent they seek information protected from disclosure by the attorney-client privilege, the common interest privilege, work product immunity, or any other applicable privilege or immunity.

To the extent Brazos indicates in response to any Interrogatory that it will answer, such response shall mean only that Brazos will conduct a reasonable search for responsive information that is within Brazos' possession, custody, or control and will answer, subject to any objection, with such responsive, non-privileged information that it may find. Such response shall not mean that an answer or fact exists. Likewise, where Brazos indicates that an answer will be made subject to a specific objection on the grounds of vagueness, ambiguity and/or overbreadth, this shall mean that Brazos will limit its answer in accordance with the terms of the objection.

Brazos' response to the Interrogatories shall be directed solely to discoverable facts, and any statement made in response to such an Interrogatory shall not be deemed as an admission of any kind, including relevance, with respect to the subject matter of any such legal conclusion. Brazos' commitment to respond and produce documents in response to the Interrogatories is subject to the Federal Rules of Civil Procedure, the Local Rules, and this Court's Orders.

None of the Objections herein is a direct or indirect admission (i) of the truth or accuracy of any statement or characterization asserted by HPE in any pleading or other filing with the Court; (ii) of the validity of any objection by HPE to any discovery request propounded in these

actions by Brazos; or (iii) that any discovery request propounded by Brazos in these actions is wholly or partially objectionable under any applicable law or rules.

<b><u>GENERAL OBJECTIONS</u></b>

The following General Objections apply to each of HPE's Interrogatories and are hereby incorporated within each specific response set forth below. No specific objection is intended to constitute, or should be construed as constituting, a waiver of any General Objection.

1. Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they seek to impose any requirements or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, and the Orders governing this action. Brazos will respond to HPE's Interrogatories consistent with the Federal Rules of Civil Procedure, the Local Rules, and/or the Orders of this Court.

2. Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they seek confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos will not produce such information absent an express order to the contrary from a court of competent jurisdiction, or an authorization from the third party having the interest in the information's confidentiality.

3. Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they purport to define words or phrases to have a meaning different from their legal, contractual, or intended meaning. Brazos also objects to the Interrogatories, Definitions, and Instructions to the extent they purport to define words or phrases in a manner inconsistent with the normal usage and meaning of the terms so as to constitute an unreasonable expansion of the Interrogatories, cause confusion, or unduly burden Brazos.

4. Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they are overly broad, unduly burdensome, not temporally limited or seek information for a time period that is not proportional to the needs of the case.

5. Brazos objects to the Interrogatories, Definitions, and Instructions to the extent they seek to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

6. Brazos objects to HPE's definitions of "Plaintiff," "WSOU," "you," and "your" as overly broad, unduly burdensome, not proportional to the needs of the cases and not relevant to any party's claims or defenses because they seek information from persons and entities that are not owned or controlled by Brazos and/or seek information that is not in the possession, custody, or control of Brazos. Brazos further objects to HPE's definitions of "Plaintiff," "WSOU," "you," and "your" as imposing obligations beyond Local Rule CV-26. Accordingly, Brazos provides answers to these Interrogatories on behalf of Brazos. Brazos further objects to these definitions to extent they call for the production of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity in so far as the definition purports to include attorneys.

7. Brazos objects to HPE's definition of "prior art" as vague and ambiguous, and calling for a legal conclusion.

8. Brazos objects to HPE's definition of "standards at issue" as seeking information not relevant to any issue, claims or defenses in these actions, not proportional to the needs of the cases as neither the Court nor the Parties have made any determination that any standard is covered by any claim of the asserted patents and HPE has not set forth any analysis or evidence that any standard is covered by any claim of the asserted patents. Brazos further objects to this

4

definition as vague and ambiguous with respect to the phrase "any other standards WSOU believes are covered or may be covered by claim of the asserted patents."

9. Brazos objects to the Interrogatories to the extent they seek "all documents" responsive to an Interrogatory on the grounds that this language renders the Interrogatories unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

10. Brazos objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, attorney work product doctrine, and any other applicable privileges and immunities.

11. Brazos objects to the Interrogatories to the extent they are unreasonably cumulative and duplicative and seek the discovery of information that can be obtained from some other source that is more convenient, less burdensome, or less expensive; seek the discovery of information that is already in HPE's possession and/or has already obtained by discovery in this action.

12. Brazos objects to the Interrogatories to the extent they seek discovery that is not relevant to any party's claims or defenses, and seek discovery, the burden and expense of which is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

13. Brazos objects to the Interrogatories as unduly burdensome and improper to the extent that they purport to require Brazos to produce information, documents, or materials for

5

inspection or copying at a location other than Brazos' principal places of business, the offices of Brazos' attorneys, or any other location agreed to by Brazos.

14. Brazos objects to the Interrogatories to the extent they seek information, documents, or materials not in Brazos' possession, custody, or control.

15. Brazos objects to the Interrogatories to the extent they are vague, ambiguous, or subject to varying interpretations. Brazos further objects to the Interrogatories to the extent they fail to define or describe the information sought with reasonable particularity, and unreasonably require Brazos to speculate as to the nature and scope of the information sought.

16. Brazos objects to the Interrogatories to the extent they seek discovery regarding matters that are not relevant to any issues or any party's claims or defenses in these cases.

17. Brazos objects to the Interrogatories on the grounds and to the extent each seeks information unknown to Brazos.

Subject to and without waiver of the foregoing objections, each of which is hereby incorporated into each of the responses below, whether or not repeated for emphasis, Brazos states the following additional Objections to the Interrogatories, tracking the numerical requests set forth in the Interrogatories.

### SPECIFIC RESPONSES AND OBJECTIONS

Brazos expressly incorporates the above General Objections as though set forth fully in response to each of the following topics, and, to the extent that they are not raised in the particular response, Brazos does not waive those objections.

### '725 CASE INTERROGATORIES

#### '725 CASE INTERROGATORY NO. 3

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the

patent by an entity like Unified Patents), and accusations of infringement regarding the '534 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

**'725 CASE RESPONSE TO INTERROGATORY NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '534 patent, to the extent such documents exists and are within its custody, or control. Brazos reserves the right to supplement its response to this Interrogatory including identifying documents pursuant to Fed. R. Civ. P. 33(d).

### '725 CASE FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3

Subject to and without waiving its General and Specific Objections, Brazos further responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents the answer to this interrogatory can be derived or ascertained from: WSOU-HPE-00011590; WSOU-HPE-00011607; WSOU-HPE-00011617; WSOU-HPE-00011618.

### '726 CASE INTERROGATORIES

### '726 CASE INTERROGATORY NO. 3

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '630 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

### '726 CASE RESPONSE TO INTERROGATORY NO. 3

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity.

8

Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '630 patent, to the extent such documents exists and are within its custody,

9

or control. Brazos reserves the right to supplement its response to this Interrogatory including identifying documents pursuant to Fed. R. Civ. P. 33(d).

**'726 CASE FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Subject to and without waiving its General and Specific Objections, Brazos further responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents the answer to this interrogatory can be derived or ascertained from: WSOU-HPE-00011103; WSOU-HPE-00011257; WSOU-HPE-00011298; WSOU-HPE-00011590; WSOU-HPE-00011607; WSOU-HPE-00011634; WSOU-HPE-00011635.

## '727 CASE INTERROGATORIES

**'727 CASE INTERROGATORY NO. 3**

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '832 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

**'727 CASE RESPONSE TO INTERROGATORY NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources

that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '832 patent, to the extent such documents exists and are within its custody, or control. Brazos reserves the right to supplement its response to this Interrogatory including identifying documents pursuant to Fed. R. Civ. P. 33(d).

**'727 CASE FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Subject to and without waiving its General and Specific Objections, Brazos further responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents the answer to this interrogatory can be derived or ascertained from: WSOU-HPE-00011103;

WSOU-HPE-00011257; WSOU-HPE-00011298; WSOU-HPE-00011590; WSOU-HPE-00011607; WSOU-HPE-00011634; WSOU-HPE-00011635.

### '728 CASE INTERROGATORIES

**'728 CASE INTERROGATORY NO. 3**

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '056 patent, identify all entities involved, identify all communications and/or documents relating to negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

**'728 CASE RESPONSE TO INTERROGATORY NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible

evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '056 patent, to the extent such documents exists and are within its custody, or control. Brazos reserves the right to supplement its response to this Interrogatory including identifying documents pursuant to Fed. R. Civ. P. 33(d).

**'728 CASE FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Subject to and without waiving its General and Specific Objections, Brazos further responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents the answer to this interrogatory can be derived or ascertained from: WSOU-HPE-00011103; WSOU-HPE-00011257; WSOU-HPE-00011298; WSOU-HPE-00011590; WSOU-HPE-00011607; WSOU-HPE-00011634; WSOU-HPE-00011635.

## '730 CASE INTERROGATORIES

**'730 CASE INTERROGATORY NO. 3**

Identify all licenses, assignments, agreements of forbearance, agreements of non-assertion, covenants not to sue, or other agreements, whether written or oral, as well as all offers, negotiations and/or attempts to negotiate related thereto (including "shopping around" of the patent by an entity like Unified Patents), and accusations of infringement regarding the '774 patent, identify all entities involved, identify all communications and/or documents relating to

13

negotiations or discussions concerning the licensing (or assignment, agreement of forbearance, agreement of non-assertion, covenant not to sue, or other agreement, whether written or oral), and fully describe the circumstances surrounding such licenses, offers, negotiations or infringement accusations.

**'730 CASE RESPONSE TO INTERROGATORY NO. 3**

Brazos incorporates its General Objections set forth above. Brazos objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity. Brazos objects to this Interrogatory to the extent it seeks confidential business, financial, proprietary, or sensitive information or trade secrets of third parties, including but not limited to information that is subject to pre-existing protective order(s) and/or confidentiality agreements. Brazos objects to this Interrogatory to the extent it calls for the production of ESI from sources that are not reasonably accessible because of burden or cost. Brazos objects to this Interrogatory to the extent that it seeks information not within Brazos's possession, custody, or control.

Brazos objects to this Interrogatory to the extent is not temporally limited or seeks information for a time period that is not proportional to the needs of these cases, and/or seeking to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law. Brazos objects to this Interrogatory as unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence. Brazos also objects to this Interrogatory as seeking discovery for which the burden and expense is not proportional to the needs of this case and outweighs its likely benefit considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the relative importance of the discovery in resolving the issues.

Subject to and without waiving its General and Specific Objections, Brazos responds as follows:

Discovery in this case is ongoing and Brazos continues to investigate this matter. Based on its understanding of this Interrogatory and after a reasonably proportionate search and review of relevant documents, Brazos will produce relevant executed assignments, agreements and/or licenses related to the '774 patent, to the extent such documents exists and are within its custody, or control. Brazos reserves the right to supplement its response to this Interrogatory including identifying documents pursuant to Fed. R. Civ. P. 33(d).

**'730 CASE FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Subject to and without waiving its General and Specific Objections, Brazos further responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Brazos identifies the following documents the answer to this interrogatory can be derived or ascertained from: WSOU-HPE-00011103; WSOU-HPE-00011257; WSOU-HPE-00011298; WSOU-HPE-00011590; WSOU-HPE-00011607; WSOU-HPE-00011634; WSOU-HPE-00011635.

Dated: October 1, 2021

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

/s/ Timothy J. Rousseau
Alessandra C. Messing
New York State Bar No. 5040019
amessing@brownrudnick.com
Timothy J. Rousseau
New York State Bar No. 4698742
trousseau@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com

15

Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

Edward J. Naughton
(admitted *pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(admitted *pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Timothy J. Rousseau*
Timothy J. Rousseau
