# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a<br>BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE<br>COMPANY,<br><br>Defendant. | Civil Action No. 6:20-cv-00727-ADA<br><br>**PUBLIC VERSION** |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
REPLY BRIEF ON ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

# **TABLE OF CONTENTS**

I. WSOU Has No Standing ................................................................................................. 1

    A. WSOU ███████████████████████ ............................................................. 1

    B. WSOU's Own Argument Proves ████████████████ .................................. 3

    C. WSOU's Arguments Relying ████████████ Are Irrelevant ....................... 5

II. WSOU At A Minimum Lacks Article III Standing For Past Damages ............................ 6

    A. WSOU Lacked Exclusionary Rights For Past Damages When It Filed Its Complaint ................................................................................................................. 6

    B. The Wade/WSOU Assignment Did Not Transfer The Right To Sue For Past Damages To WSOU ................................................................................................ 8

III. Conclusion ....................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
  625 F.3d 1359 (Fed. Cir. 2010) .................................................................................................4, 5

*Diamond Coating Technologies, LLC v. Hyundai Motor America*,
  823 F.3d 615 (Fed. Cir. 2016) ........................................................................................................4

*Hometown Financial, Inc. v. United States*,
  409 F.3d 1360 (Fed. Cir. 2005) ......................................................................................................9

*Keene Corp. v. United States*,
  508 U.S. 200 (1993) .......................................................................................................................5

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
  925 F.3d 1225 (Fed. Cir. 2019) .................................................................................................7, 8

*Minco, Inc. v. Combustion Engineering, Inc.*,
  95 F.3d 1109 (Fed. Cir. 1996) .......................................................................................................8

*Moore v. Marsh*,
  74 U.S. (7 Wall.) 515 (1868) .........................................................................................................8

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) .................................................................................................7, 8

*Sims v. Mack Trucks, Inc.*,
  407 F. Supp. 742 (E.D. Pa. 1976) ................................................................................................10

*Slingshot Printing LLC v. HP Inc.*,
  No. 1:20-cv-00184-ADA, 2020 WL 6120177 (W.D. Tex. July 7, 2020) .....................................7

*VirnetX, Inc. v. Cisco Sys., Inc.*,
  No. 6:10-cv-417, 2012 WL 12897214 (E.D. Tex. Mar. 22, 2012) ...........................................7, 8

*WiAV Sols. LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010) .................................................................................................6, 8

# **TABLE OF EXHIBITS**

| No. | Document Description |
|---|---|
| 18 | WSOU's Responses and Objections to HPE's First Set of Requests for Production |
| 19 | Email to T. Rousseau to M. Hatcher, dated September 24, 2021 |
| 20 | WSOU-HPE-00020164 – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 21 | WSOU-HPE-00009622 – Patent Security Agreement |
| 22 | WSOU production email, dated October 14, 2021 |
| 23 | WSOU-HPE-00008889 – Amended Schedule B2: Assignment of Patent Rights |
| 24 | WSOU-HPE-00008897 – Amended Schedule B3: Assignment of Patent Rights |

WSOU's Opposition fails to meet its burden to demonstrate standing. Its argument actually proves the opposite: ███████████████████████████████████ ████████████████████████████████. As to past damages, the assignment record at the USPTO speaks for itself, and the PPA corroborates it. ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████.

This Reply Brief addresses the -727 case. The briefing schedules for HPE's 12(b)(1) motions differ slightly from case to case, but all will be fully briefed by Tuesday, November 2.

## I.     WSOU HAS NO STANDING

WSOU tries to deny its violation of the ████████████████, but in so doing it actually undermines its own case. ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████.

### A.     WSOU ████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

███████████████████████████

██████████████████████████ As to the second point, HPE repeatedly invited WSOU during discovery to produce proof that it was not an NPE, and WSOU never pointed to any of these supposed other business activities. For example, in response to a request for documents showing WSOU is not an NPE as defined in the PPA, WSOU only agreed to produce "formation documents related to Brazos's organization[.]" Ex. 18 (WSOU's Resps. to HPE's First Set of Req. for Produc.) at 7–10 (Common Req. for Produc. Nos. 1 and 2).[1] ████

████████████████████████████████

██████████████████████████ Similarly, WSOU's response to an interrogatory directly asking whether it meets ████████████ an NPE states only that WSOU will produce its "formation documents," after providing the one sentence narrative response quoted in HPE's Opening Brief. Mot. Ex. 9 at 18; Mot. at 6–7. ████████

████████████████████████████████
████████████████████████████████
███████████████████████████
████████████████████
████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

---

[1] WSOU produced the Operating Agreement (Mot. Ex. 8) a few days later.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

**B.     WSOU's Own Argument Proves** ██████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

3

4

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████: the Wade/WSOU Assignment, executed the same day as the APPA, is not signed by Nokia, but only by Stuart Shanus (on behalf of Wade, ████████████████████████████████████ ████████████████████████████) and Craig Etchegoyen (WSOU's Chairman).

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████ In assessing subject matter jurisdiction, courts must look "to the date of the original Complaint" because "the jurisdiction of the court depends on the state of things at the time of the action brought." *Abraxis*, 625 F.3d at 1366 n.3 (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)). ███████████████████████████████

███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████ ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████

    **C.**    **WSOU's Arguments Relying On ██████████ Are Irrelevant**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[2] ██████████████████████████████████████████████████████████████████████████████████████

5

## II. WSOU AT A MINIMUM LACKS ARTICLE III STANDING FOR PAST DAMAGES

Contrary to WSOU's argument, the determination of whether WSOU received exclusionary rights dating back from August 27, 2017, is a question of constitutional standing. The contractual documents as a whole, read together, establish that it did not. Constitutional standing can be raised at any time, and a defect in it cannot be corrected by the plaintiff's post-complaint actions.

### A. WSOU Lacked Exclusionary Rights For Past Damages When It Filed Its Complaint

HPE's motion is timely[3] and, as explained in HPE's Opening Brief, is properly raised under Rule 12(b)(1). *See* Mot. at 7–9.

In contending that the transfer of past damages rights is a question of "prudential" or "statutory" standing, WSOU misreads the applicable case law. It is not enough for WSOU to say that it had some "exclusionary rights" at the instant of time when it filed its Complaint. To have constitutional standing for the period in question (i.e., before August 27, 2017), WSOU must show that it had exclusionary rights *applicable to that period*. If it received no retroactive rights to exclude, it would have *no* patent rights that could have been injured during the pre-assignment period, and would therefore lack the injury in fact required for constitutional standing. *WiAV*

---

[3] It is telling that WSOU's first argument is based on the timing of its discovery production. *See* Opp. at 1. A party that had a strong merits argument would not lead by complaining that its opponent had allegedly taken a long time to file the motion. Further, the premise of the argument is not even correct. WSOU only produced unredacted versions of its assignment history in July 2021, and only identified the bases of its claim to standing in interrogatory responses that same month. WSOU continued to produce new evidence purportedly related to standing even after HPE's motion was filed, up to the day before this Reply. *See, e.g.*, Ex. 20; Opp. Ex. G.

*Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264–67 (Fed. Cir. 2010) (holding that constitutional standing is "coterminous with" the scope of a plaintiff's exclusionary rights). Prudential standing addresses a different question: whether a plaintiff that has the right to enforce the patent for a particular time period nonetheless lacks all substantial rights for that time period such that another party must be joined. *See id.* at 1264–65 & n.1 (noting that a party holding exclusionary rights, and thus having constitutional standing, may still face joinder obligations for prudential standing); *Morrow* v. *Microsoft Corp.*, 499 F.3d 1332, 1340–41 (Fed. Cir. 2007) (distinguishing three categories of plaintiffs: those with exclusionary rights and all substantial rights, those with exclusionary rights but not all substantial rights, and those with neither). The present case is about whether WSOU's pre-assignment rights *exist*, not whether they are shared and constrained so as to be less than "all substantial rights." *See Morrow*, 499 F.3d at 1341–43 (summarizing prudential standing case law in terms of the extent of a third party's control over the plaintiff's exercise of patent rights, such as the rights to litigate and license the patent).

The *Lone Star*, *Slingshot*, and *VirnetX* cases cited by WSOU (Opp. at 15) are not to the contrary. *Lone Star* actually supports HPE's view: the possession of exclusionary rights is a constitutional standing issue, while prudential standing examines the substantiality of those rights. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234–36 (Fed. Cir. 2019) (finding the plaintiff had exclusionary rights and therefore had constitutional standing, however, the constraints on its exercise of those rights meant it lacked "all substantial rights" and needed to join the assignor as a co-plaintiff); *see also* Mot. at 8–9. *Slingshot* was a prudential standing dispute over whether the plaintiff obtained "all substantial rights"; unlike the present case, there was no question that Slingshot's rights, whatever they were, covered the past damages period. *Slingshot Printing LLC v. HP Inc.*, No. 1:20-cv-00184-ADA, 2020 WL 6120177, at *2 (W.D. Tex. July 7, 2020). Similarly, the cited *VirnetX* order analyzes only whether the plaintiff's

7

existing rights amounted to "all substantial rights," without considering any question of past damages assignment. *VirnetX, Inc. v. Cisco Sys., Inc.*, No. 6:10-cv-417, 2012 WL 12897214, at *5 (E.D. Tex. Mar. 22, 2012) (noting, further, that constitutional standing had already been decided separately). The last case WSOU cites, an unpublished Central District of California order (Opp. at 15), is wrongly decided in view of *Lone Star*, *WiAV*, and *Morrow*, which are all controlling authority. WSOU could not and did not cure its lack of pre-assignment exclusionary rights.

This Court also did not endorse WSOU's view of standing when it ruled that discovery would start later for damages-cutoff issues than for potentially case-dispositive issues. *See* Opp. at 15. Instead, the practicalities of the situation drove that outcome: a dispositive motion would eliminate any reason to conduct other discovery, while a damages-cutoff motion would not, so the Court opted to conduct all discovery in parallel. WSOU reads into the Court's case management ruling something that is not there. (As it turned out, there was support for a case-dispositive motion, but this only became apparent through discovery. *See* § I, *supra*.)

      **B.**    **The Wade/WSOU Assignment Did Not Transfer The Right To Sue For Past Damages To WSOU**

Even if WSOU did obtain ownership of the patent in August 2017, black letter Supreme Court and Federal Circuit law holds that the assignment did not transfer past damages rights. *Moore* v. *Marsh*, 74 U.S. (7 Wall.) 515, 522 (1868) ("[I]t is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment."); *Minco, Inc. v. Combustion Engineering, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) ("the conveyance of the patent does not normally include the right to recover for injury occurring to the prior owner").

WSOU does not dispute (nor could it) that the language in Amended Schedule B1 is insufficient to transfer past damages rights. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ WSOU has it backwards. Under New York law, a specific contractual provision controls over a more general one. *See* Mot. at 14 (citing cases). The Federal Circuit follows this canon of contract interpretation too. *Hometown Financial, Inc.* v. *United States*, 409 F.3d 1360, 1369 (Fed. Cir. 2005) ("a specific contract provision will control over a general contract provision."). WSOU agrees with this statement of law, but then misapplies it by contending that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Opp. at 19.

WSOU's conclusion is incorrect, because Amended Schedule B1 is the assignment *of specific patents, by the specific entity that owned them*. Mot. Ex. 4 at 1–2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Amended Schedule B1 *only* uses "hereby assigns" language, with no future-tense "shall cause" or "shall execute" provisions. Mot. Ex. 4 at 1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ also distinguishes this case

9

from *Sims v. Mack Trucks, Inc.*, 407 F. Supp. 742, 744 (E.D. Pa. 1976), a two-page district court order on which WSOU relies, in which the provision that the assignor "hereby sells" a specific patent was not ███████████████████████████████████████████.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████



███████████████████████████████████████████████

WSOU is thus off target when it accuses HPE of only viewing Amended Schedule B1 in isolation from the PPA. Opp. at 18. HPE's Motion explained in detail why the PPA and Amended Schedule B1 *together* established that the Schedule was the actual assignment. At best, WSOU could claim there are two conflicting provisions in these documents when they are read together. But, as discussed above, the more specific provision (the Schedule) controls, and the PPA's own context reaffirms that.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████ Even if a prudential standing defect can be cured, the constitutional standing defect as to WSOU's claim for past damages cannot. *See* § II.A, *supra*.

III.     **CONCLUSION**

For all the reasons addressed herein and in HPE's Motion, WSOU lacks standing and its Complaint should be dismissed in its entirety, or at a minimum should be dismissed as to the pre-August 27, 2017 period, with prejudice.

| | |
|---|---|
| Date: October 29, 2021 | Respectfully submitted,<br><br>By: */s/ Michael R. Franzinger*<br>Michael D. Hatcher<br>Texas State Bar No. 24027067<br>Callie C. Butcher<br>Texas State Bar No. 24092203<br>SIDLEY AUSTIN LLP<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201<br>Telephone: (214) 981-3300<br>Facsimile: (214) 981-3400<br>mhatcher@sidley.com<br>cbutcher@sidley.com<br><br>Michael R. Franzinger<br>DC Bar No. 500080<br>SIDLEY AUSTIN LLP<br>1501 K Street, NW<br>Washington, DC 20005<br>Telephone: (202) 736-8000<br>Facsimile: (202) 736-8711<br>mfranzinger@sidley.com<br><br>Barry K. Shelton<br>Texas State Bar No. 24055029<br>SHELTON COBURN LLP<br>311 RR 620, Suite 205<br>Austin, TX 78734-4775<br>Telephone: (512) 263-2165<br>Facsimile: (512) 263-2166<br>bshelton@sheltoncoburn.com<br><br>**COUNSEL FOR DEFENDANT**<br>**HEWLETT PACKARD ENTERPRISE COMPANY** |

## CERTIFICATE OF SERVICE

      I hereby certify that on the 29th day of October 2021, a true and correct copy of the foregoing Defendant Hewlett Packard Enterprise Company's Reply Brief on its Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) has been served on all counsel of record via electronic mail:

| | |
|---|---|
| ***Counsel for WSOU, LLC*** | VIA CM/ECF |
| Alessandra C. Messing<br>Timothy J. Rousseau<br>Yarelyn Mena<br>BROWN RUDNICK LLP<br>7 Times Square<br>New York, New York 10036<br>telephone: (212) 209-4800<br>facsimile: (212) 209-4801<br><br>Edward J. Naughton<br>Rebecca MacDowell Lecaroz<br>BROWN RUDNICK LLP<br>One Financial Center<br>Boston, Massachusetts 02111<br>telephone: (617) 856-8200<br>facsimile: (617) 856-8201<br><br>David M. Stein<br>Sarah G. Hartman<br>BROWN RUDNICK LLP<br>2211 Michelson Drive, 7th Floor<br>Irvine, California 92612<br>telephone: (949) 752-7100<br>facsimile: (949) 252-1514<br><br>Raymond W. Mort, III<br>THE MORT LAW FIRM, PLLC<br>100 Congress Avenue, Suite 2000<br>Austin, Texas 78701<br>tel/fax: (512) 677-6825 | wsou-hpe@brownrudnick.com<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>raymort@austinlaw.com |

                                              */s/ Barry K. Shelton*
                                              Barry K. Shelton